UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR05-0048T |
| | ) | |
| SEAN DAVID PHILBROOK | ) | |

DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

## I. Introduction

Mr. Philbrook submits this memorandum in support of his previously filed motion for sentencing consideration in addition to his initial memorandum. The primary sentencing mandate for the Court remains the imposition of a sentence which is sufficient without being greater than necessary to promote the purposes of sentencing. 18 U.S.C. § 3553(a). The advisory sentencing guidelines are not the law. *United States v. Booker*, 543 U.S. 220, 259 (2005). If a period of incarceration shorter than the recommended guidelines meets the needs of § 3553, the Court must then impose that sentence.

The statutory language notwithstanding, the First Circuit has proclaimed that theadvisory guideline range is not just a mere factor in the § 3553 list. *United States v. Jimenez-Beltre*, 440 F.3d 514, 518 (1st Cir. 2006); *see also United States v. Thurston*, 2006 U.S. App. LEXIS 18683, *12 (1st Cir., July 26, 2006), *United States v. Smith*, 445 F.3d 1, 4(1st Cir. 2006). The Circuit Court believes the guidelines should carry more weight than the other considerations because they "represent the only integration of the multiple sentencing factors set forth in § 3553(a), often reflect past practice, and bear the imprimatur of the Sentencing Commission." *Thurston*, 2006 U.S. App. LEXIS 18683, *12 (quoting *Smith* 445 F.3d at 4). While accurate, this does not diminish the Court's duty to conduct its own independent analysis of § 3553(a) factors present in an individual defendant's case separate and apart from the guideline suggestion.

Beyond the declaration of heightened importance, the First Circuit does not proclaim the guidelines as presumptively or per se reasonable; the guideline ranges reflect generalizations in

sentencing. *Jimenez-Beltre*, 440 F.3d at 518. The Court made that distinction to avoid the appearance of reestablishing a mandatory sentencing scheme. *Id*. (as struck down in *Booker*). Unfortunately, the heightened influence of the guidelines, as well as the sliding scale of justification for sentences outside of the guidelines,[1] continues to embrace and support a de facto mandatory sentencing scheme.

This Court must guard against any de facto mandatory sentencing scheme. *Booker*, 543 U.S. at 258-61 (mandatory sentencing scheme under the United States Sentencing Guidelines unconstitutional). While the guidelines incorporate a number of sentencing factors, they do not include any analysis, evaluation, or consideration of an individual's unique characteristics. *See Jimenez-Beltre*, 440 F.3d at 518 (the guidelines are generalizations). This makes some logical sense because an individual's background, character, and upbringing cannot be quantified in any fair or meaningful manner for a guideline system. Nevertheless, that individual information must still be considered by the Court. 18 U.S.C. § 3553(a). In short, the guidelines represent cookie cutter justice at its worst; one size does not fit all. The Court must eschew general application of the advisory guidelines and consider all of the unique characteristics of a defendant when determining the sentence. The sentencing judge is in the best position to evaluate individual defendants under § 3553(a) and determine the appropriate sentence.[2] This Court has been critical of the career offender enhancement in the past when the mandatory guideline sentence appeared to over-penalize a defendant's conduct. *See generally United States v. Harold Collazo* (excerpt of sentencing attached). Now the Court has discretionary power to refuse to apply this enhancement, or any guideline recommendation, when the suggested punishment does not fit the behavior, character, and background of a defendant as analyzed under § 3553(a). The nature of Mr. Philbrook's crimes do

---

[1]The First Circuit now requires greater justification for sentences outside of the advisory guideline range depending on how much the sentence varies from the guideline. *Thurston*, 2006 U.S. App. LEXIS 18683, *12 (citing *Smith*, 445 F.3d at 4).

[2]Comparing other § 3553(a) factors to advisory guidelines actually resembles the comparison of apples to oranges because only the guidelines directly coincide with a time period; the sentencing court must then look to the other factors to determine if that suggested period of incarceration is appropriate under all of the circumstances in the case. *Jimenez-Beltre*, 440 F.3d at 525 (Lipez, J., dissenting) (emphasis added).

not fit the definition of a career offender despite his convictions. Application of the career offender enhancement here would go more to continuing a de facto mandatory sentencing scheme than following and achieving the purposes of sentencing under 18 U.S.C. § 3553(a).

## II. Procedural Background

On June 2, 2005, Mr. Philbrook appeared before the Court and was arraigned on one count of robbery from March 26, 2005. Mr. Philbrook pled guilty to that charge on August 18, 2005. On March 24, 2006, the Court continued Mr. Philbrook's sentencing pending the outcome of a collateral matter in the Commonwealth of Massachusetts's court. Sentencing is now scheduled for November 29, 2006.

## III. Career Offender Status

The Court should not impose the career offender enhancement in this case. As stated in the initial sentencing memorandum, the facts of Mr. Philbrook's two heroin possession convictions do not show any intent to distribute, and the breaking and entering conviction, more accurately a trespass, does not rise to the level of a crime of violence. *See* PSR ¶¶ 38 & 41 (police reports attached). Application of a career offender sentence here does not comport with the purposes of punishment in 18 U.S.C. § 3553(a).

Mr. Philbrook moved in Massachusetts District Court to vacate these predicate convictions. Those motions were denied. In denying those motions, however, Judge Coffey noted that Mr. Philbrook had not attacked those convictions for eight years and the recordings of those proceedings had been destroyed on schedule. The reason for delay is plain: until faced with the career offender enhancement in this case Mr. Philbrook had no reason to be concerned about those convictions. Mr. Philbrook received a guilty filing on one case and a one year prison sentence on the other concurrent with his parole violation sentence from his 1994 robbery conviction. Both dispositions are effectively non-sentences and clear examples of both prosecution and defense attorneys trying to compromise to resolve cases quickly. Those *deals* were struck with the knowledge that Mr. Philbrook was serving over four years for his parole violation. Knowing the effect of those pleas on his current situation and the actual facts of those cases, Mr. Philbrook would not have pled guilty to

those offenses as charged.

In *United States v. Harold Collazo*, the Court discussed its view of the career offender enhancement and the problems therein under the mandatory guideline system in 2000. The Court understood that the guideline, U.S.S.G. § 4B1.1, does not take into account actual seriousness of the predicate offenses, the circumstances of the predicate offenses, the timing of the predicate offenses, or the number of predicate offenses beyond two. *See Collozo* exceprt at 3-5.[3] The guideline does not distinguish between street level drug dealers and drug kingpins and therefore lumps a number of defendants with disparate criminal records into the same guideline range. *See Id*.[4]

Mr. Philbrook has a significant criminal record which includes a robbery from 12 years ago. That predicate offense stands. The other offenses, however, are predicates in name only and not supported by the facts. Mr. Philbrook has a Constitutional due process right for the Court to sentence him based on accurate facts. *United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948). The Court is not limited in its inquiry into Mr. Philbrook's background, character and conduct. 18 U.S.C. § 3661. The facts of the two predicate cases in question show non trafficking drug possession and a trespass. Those offenses do not support the career offender enhancement and the Court should not impose that enhanced sentence.

VI. Sentence Disparity

Jarrette Falcione, Mr. Philbrook's co-defendant, received a sentence of 151 months to serve in prison based on his status as a career offender. The Court must consider his sentence in relation to Mr. Philbrook's potential sentence per 18 U.S.C. § 3553(a)(6) in order to avoid unwarranted disparities. Mr. Philbrook has asked the Court not to impose the career offender sentence and instead revert to the non-career offender guideline range of 57 to 71 months incarceration. The disparity between Falcione's sentence and Mr. Philbrook's requested sentence is a warranted difference.

---

[3]Mr. Philbrook made a similar argument in his initial sentencing memorandum, at 3-4.

[4]Regardless of the number of bank robberies in the current offense, and the number and character of predicate offenses, a career offender bank robber always falls into the guideline range of 151-188 months to serve in prison.

Mr. Falcione has a long significant criminal record. He has five predicate offenses for his career offender status, and also had a pending drug trafficking case in Massachusetts at the time of his sentencing. In February, 1995, Mr. Falcione was convicted of possessing more than 100 grams of cocaine for distribution and received a significant jail sentence. In May, 1995, Mr. Falcione was convicted of four counts of distributing PCP and one count of possessing the substance for distribution in Federal District Court in Boston and received a 63 month prison term with three years of supervised release. Falcione violated his supervised release twice for an additional 21 months in prison. In July of 1995, Mr. Falcione was convicted of two separate incidents of possessing controlled substances for distribution and received jail sentences in Massachusetts State Court. Lastly, Mr. Falcione received a probationary sentence after conviction for a breaking and entering in 2001. Mr. Falcione's predicate convictions distinctly separate him from Mr. Philbrook and therefore justify a significant difference in the two sentences.

VI. Conclusion

For all of these reasons, Mr. Philbrook asks the Court to consider and adopt his proposed sentence.

Respectfully Submitted
Sean David Philbrook,
By and through his counsel

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to James H. Leavey, Assistant United States Attorney, and Dennis Jenkins, United States Probation Officer, on November 17, 2006.

/s/ Kevin J. Fitzgerald