IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| * * * * * * * * * * * * * * | CRIMINAL ACTION |
| USA | NO. 99-081T |
| Plaintiff | |
| | FRIDAY, JUNE 30, 2000 |
| VS. | |
| HAROLD COLLAZO | |
| Defendant | |
| * * * * * * * * * * * * * * | Providence, RI |

HEARD BEFORE THE HONORABLE ERNEST C. TORRES
DISTRICT JUDGE
(SENTENCING - PART II)

A-P-P-E-A-R-A-N-C-E:

For the Government: Stephanie S. Browne, Esquire
AUSA

For the Defendant: Michael J. Lepizzera, Esquire

Court Reporter: Judith L. Montie
267 John O. Pastore Bldg.
2 Exchange Terrace
Providence, RI 02903

FRIDAY, JUNE 30, 2000
SENTENCING - PART II

THE COURT: All right. Taking these arguments one at the time. First of all, the argument with respect to under representation of criminal history. The over representation of a Defendant's criminal history is an encouraged basis for a departure under the guidelines. 4A1.3 expressly provides that a Court may depart if the criminal history category significantly over represents the seriousness of the criminal history or the likelihood that the Defendant will commit further crimes. It also provides the converse that the Court may upward depart if the criminal history under represents that risk.

In my judgment this adjustment is not applicable where the claim of over representation is based on the smallness of the prior crimes because that's already be taken into account by the guidelines. The Defendant's criminal history under the guidelines is calculated by assigning points to the prior offenses based upon the level of seriousness. That is to say the more serious the prior offense, the more points are assigned and in the case of minor offenses, especially if they are old ones, no points are assigned. So that's a

factor that the sentencing commission has taken into account in calculating the criminal history. They have considered the quantity involved in drug transactions which are the measure of the seriousness of the offense and therefore the number of criminal history points assigned.

Now, the other ground is that this case is outside the heartland of a typical career offender case. And 4B1.1 deals with this. Under Koon, under the statute, Section 3553(b) of Title 18, and under the guidelines themselves, Section 5K2.0, a departure may be made on the basis of factors that are not expressly forbidden grounds for departure if they are of a kind or they are present to a degree not adequately considered by the sentencing commission and therefore are outside of the heartland. That is the say is case is an unusual case, an exceptional case.

Under 4B1.1, a Defendant is a career offender if he has two or more prior convictions for crimes of violence or for drug offenses. Unlike the calculations with respect to criminal history, no distinction is drawn based on the level of seriousness of the offense

FRIDAY, JUNE 30, 2000
SENTENCING - PART II

as Ms. Browne herself has just pointed out. All offenses that meet the threshold requirement are treated the same. Thus a Defendant with two convictions for delivering relatively small quantities of controlled substances, that is to say individuals that I would classify as street dealers or mules, are placed in the same category as Defendants with two convictions for delivering large quantities of controlled substances, individuals who might be referred to as kingpins. Nor does the classification as career offender make any distinction based on the number of previous convictions. So a Defendant with two priors is treated the same as a Defendant with ten priors. They are both put into the same category of career offender. That classification also doesn't take into account the timing of the convictions. It doesn't make any difference whether a Defendant had two convictions ten years ago and nothing since or whether he had two convictions in the last two years or whether he had two conviction that's were widely separated in time.

So in short the career offender classification encompasses a broad

spectrum of Defendants with disparate criminal histories that could range from two relatively old convictions for minor drug offenses and nothing else up to ten major convictions for drug offenses and/or crimes of violence and maybe other things as well.

Like any other broad brush classification, it includes a majority of Defendants whose criminal histories would be the norm for career offender. But it also includes or may include some whose criminal histories are well above or well below the norm. Those differences represent factors that were not taken into account by the sentencing commission in establishing career offender status. I don't think that the simple failure to make the distinction is a basis for inferring that such a distinction was considered and rejected. It seems to me that that indicates nothing more than that it wasn't considered, and therefore I find that that may be a basis for a downward departure.

My law Clerk tells me that I mistakenly referred to the career offender provision as 4A1.1 and it's 4B1.1.

FRIDAY, JUNE 30, 2000
SENTENCING - PART II

So the Court is saying in other words that a Defendant who is classified as a career offender should receive a more severe sentence than a Defendant who is not classified as a career offender. There is no question about that. There should be a harsher penalty imposed on someone who has engaged in criminal activity and particularly criminal activity of a type specified in the career offender guideline on more than one occasion. There is no doubt about that. But it seems to me that there be unusual cases where the increased level of severity should be something less than the quantum leap to career offender range that is prescribed under the guidelines.

The two remaining questions are whether this is one of those cases on the facts and if it is, how much less than the leap should be taken in this case.

As to the first question, it's a close question. Mr. Collazo is not an individual at the bare minimum of two qualifying convictions, nor is he an individual with an otherwise spotless record. He has not two but three prior controlled substance convictions.

And in addition he has convictions for tentative robbery, I am not quite sure what that is. And domestic assault. So his case is somewhat less compelling than the ideal case of a Defendant who has two priors for minor drug offenses and a spotless record besides that.

But I note that the three priors convictions are for what appear to be small quantities of controlled substances. Two of them are for two vials of crack cocaine, and I think the Court can take judicial notice of the fact that a vial ordinarily refers to a very small quantity. Unfortunately, we don't have any hard evidence in this case to corroborate that, but it seems to me it is more likely than not that the reference here is to very small quantities of cocaine, and that is somewhat corroborated by the quantities involved in the present offenses. They were all small quantities.

The other conviction is for the attempted criminal sale of a controlled substance in the third degree, and no one has any information on the facts of that offense. It's true it's the Defendant's burden to establish

that a downward departure is warranted, but it seems to me that consistent with the other evidence as to what Mr. Collazo's activities have been that it's reasonable to infer in this case that also involved a relatively small quantity. The Court also notes that the drug offenses, the convictions for the drug offenses are all at least eight years old.

As far as the instance offense is concerned, again, one thing against Mr. Collazo, which makes this a much closer case than what might be the perfect case for a Defendant, is that he has five counts of conviction. This wasn't one isolated sale, this was rather a series of sales over a period of time, but once again, each sale was for a very small quantity of controlled substance.

So the conclusion the Court draws from this is although Mr. Collazo certainly is a repeat offender and may be classified as a career offender even on the basis of frequency of violation, he is a small time dealer. And the Court recognizes that departures on this basis from a career offender status should be rare. There is no quarrel about that. The Court also,

as it has said, recognizes that this is an extremely close case. I think this case is about the outer boundary of what I would consider sufficiently distinct from the typical career offender situation that it would warrant a downward departure.

I might say a word on the typical career offender situation. Again, there is no statistical measure that I am aware as to who a typical career offender would be, but certainly I can draw only on my experience and my judgment, that a typical career offender for purposes of applying the guidelines to the letter, would be someone on a higher scale than Mr. Collazo. I don't consider small time street dealers or mules career offenders, at least not on the basis of three prior convictions. The factors, it seems to me, are interdependent and even a small time dealer could qualify as a career offender without benefit of any departure if the number of transaction were sufficiently high and a large scale dealer could qualify as career offender even with a relatively small number of convictions. So those two factors, it seems to me, have to balanced, but balancing them

as best I can, I conclude that Mr. Collazo's case is sufficiently different from that of the typical career offender that there should be a downward departure from the otherwise applicable guideline range.

Having said that, the next question is what's the degree of the departure. And that's probably even a more difficult question. I know of no real guidance to answer that question. Certainly we know that Mr. Collazo's criminal history category has been bumped up one level based on his career offender status. But that's not the real source of the problem here. The real source of the problem is that his offense level has been bumped up 15 levels as a result of his career criminal history classification.

Now, certainly, the Court can easily say that he ought to be treated as a criminal history category 5 but how many levels down the Court should go is pretty much a matter of discretion for the Court. I don't know of any mathematical formula that can be employed to answer that question.

I would say that going down

FRIDAY, JUNE 30, 2000
SENTENCING - PART II

two levels would basically reconcile or balance the two consideration here. One, that Mr. Collazo should receive a more severe penalty in light of this record, in light of the fact he technically is a career offender and at the same time recognizing that the increase should not be as great as what otherwise would be called for by the guidelines.

So I am going to sentence Mr. Collazo on the basis of a offense 25 and criminal history of 5. And therefore the guideline range of 100 to 125 months.

MS. BROWNE: If I may, Your Honor, just so I am clear, under the career offender status, he would have a level 32 and with acceptance, a level 29; going down to level 25 is more than a two level decrease.

THE COURT: I am sorry, I am sorry. You are right. Thank you very much. I meant to say level 27, thank you.

MS. BROWNE: Thank you, Your Honor.

THE COURT: Level 27, criminal history category 4 and a therefore a guideline range of 120 to 150 months.

FRIDAY, JUNE 30, 2000
SENTENCING - PART II

MS. BROWNE: Criminal history category of?

THE COURT: Five.

MS. BROWNE: Thank you.

THE COURT: Let me try it one more time. A guideline level 27, criminal history category, 5; the range of 120 to 150 months.

MS. BROWNE: Thank you, Your Honor.

THE COURT: All right. Mr. Collazo, at this time you have the right to address the Court and say anything that you think should be considered in determining your sentence.

(EXCERPT CONCLUDED)

**CRIMINAL COMPLAINT**

DOCKET NO.: 9806 CR 2229

COURT DIVISION: JC WEST ROXBURY

NAME, ADDRESS AND ZIP CODE OF DEFENDANT:
Sean Philbrook
23 June St. #2
Roslindale, MA 02131

**Trial Court of Massachusetts**
**District Court Department**

TO ANY JUSTICE OR CLERK-MAGISTRATE OF THE DISTRICT COURT DEPARTMENT:

The undersigned complainant, on behalf of the Commonwealth, on oath complains that on the date and at the location stated herein the defendant did commit the offense(s) listed below.

| DEFT. DOB AND SEX | OFFENSE CODE(S) |
|---|---|
| 09-30-72 | 801,820 |
| DATE OF OFFENSE(S) | PLACE OF OFFENSE(S) |
| 5-22-98 | Asticou/Washington Sts. |
| COMPLAINANT | POLICE DEPARTMENT (if applicable) |
| Ronan,8638/A.Murphy | E-5,cc#80254104 |
| DATE OF COMPLAINT | RETURN DATE AND TIME |
| May 26, 1998 | Arrest |

COUNT-OFFENSE
**A.POSS. CLASS A SUB. W/INT. TO DISTRIB./MFG c94C s32**

not being authorized by law, did knowingly or intentionally possess with intent to manufactur distribute or dispense a controlled substance in Class "A" of G.L. c.94C, s.31, to wit: HEROIN, in vioaltion of G.L. c.94C, s.32.

COUNT-OFFENSE
**B.ILLEGAL POSS. OF A CLASS A SUBSTANCE c94C s34**

not being authorized by law did knowingly or intentionally possess a controlled substance in Class "A" of G.L. c.94C, s.31, to wit: HEROIN, in violation of G.L. c.94C, s.34.

COUNT-OFFENSE

COUNT-OFFENSE

COMPLAINANT: X [signature]

SWORN TO BEFORE CLERK-MAGISTRATE/ASST. CLERK: X [signature]

ON (DATE): 5-26-98

☐ ADDITIONAL COUNTS ATTACHED

FIRST JUSTICE: Hon. Kathleen E. Coffey

COURT ADDRESS: 445 ARBORWAY, JAMAICA PLAIN, MA 02130

A TRUE COPY ATTEST: X

CLERK-MAGISTRATE/ASST. CLERK

ON (DATE)

# Boston Police INCIDENT REPORT

HANDPRINT

ORIGINAL [X] SUPPLEMENTARY [ ]

01. KEY SITUATIONS: [X] DRUGS [ ] LICENSED PREMISES [ ] ELDERLY [ ] JUVENILE [ ] COMMUNITY DISORDERS [ ] DOMESTIC [ ] OTHER

02. COMPLAINT NO.: 802524104
03. REPORT DIST.: E-5
CLEARANCE DIST.:
PAGE: 1 OF 2

04. TYPE OF INCIDENT: Poss. Cl. "A" W/Intent
05. CRIME CODE:
06. STATUS: [ ] INACTIVE [ ] UNFOUNDED [X] ARREST [ ] UNDER 18 [ ] EXCEPT CL [ ] UNDER 18
07. DATE OF OCCUR.: 5-22-98

08. LOCATION OF INCIDENT (NO. STREET) (INTERSECTION-ALPHA ORDER): Asticou @ Washington Sts. Rosl
APT.:
09. DISPATCH TIME: 015
10. TIME OF OCCUR.: 2:00 P

11. VICTIM-COMP (LAST, FIRST, MI): Comm. of Mass.
12. PHONE:
13. SEX: [ ] M [ ] F
14. RACE:
15. MARITAL STATUS: [ ] MARRIED [ ] UNMARRIED

16. ADDRESS (NO., STREET, CITY AND STATE IF OTHER THAN BOSTON OR MASS.): N/A
APT.:
OCCUPATION:
17. AGE:
18. D.O.B.:

19. PERSON REPORTING (IF DIFFERENT THAN ABOVE): P.O. Leo J. Rowan
20. ADDRESS: E-5 D.C.U
APT.:
21. PHONE:

22. WAS THERE A WITNESS TO THE CRIME — A: [X] YES [ ] NO

| PERSON INTERVIEWED | AGE | LOCATION OF INTERVIEW | APT. NO. | HOME ADDRESS | APT. | TEL |
|---|---|---|---|---|---|---|
| Sgt. Det. W. Robertson | | | | | | RES / BUS |
| Det. R. Sexton | | | | | | RES / BUS |
| P.O. J. Foley | | | | | | RES / BUS |

23. NUMBER OF PERPETRATORS: 3
CAN SUSPECT BE IDENTIFIED AT THIS TIME — B: [X] YES [ ] NO

## PERSONS

24. [X] ARREST [ ] WARRANT [ ] MISSING [ ] SUMMONS [X] SUSPECT
25. NAME (LAST, FIRST, MI): Derosa, Richard
26. S.S. NO.: 033-381-8604
27. BOOKING NO.: 28405
28. PHOTO NO.: —
29. ALIAS: Unk.

30. WARRANT NO.: N/A
31. ADDRESS: 36 Yurick Rd. Needham
32. SEX: M [ ] F
33. RACE: B/W
34. AGE: 49
35. HEIGHT: 6'0"
36. D.O.B.: 11/2/48

37. SPECIAL CHARACTERISTICS (INCLUDING CLOTHING): Multi-Colored Shirt, Blue Pants, Base Ball cap
38. WEIGHT: 172
39. BUILD: Med.
40. HAIR: Blk.
41. EYES: Brn

42. CAN SUSPECT VEHICLE BE DESCRIBED — C: [ ] YES [X] NO

## VEHICLE

43. [ ] STOLEN [ ] RECOV. [ ] LV. SCENE [ ] ABAND. [ ] TOWED [ ] USED IN CRIME [ ] OTHER
44. REG. STATE NO.:
45. PLATE TYPE:
YEAR (EXP.):
46. MODEL:
47. VEHICLE MAKE-YEAR:
48. VEHICLE NO.:
49. STYLE:
50. COLOR (TOP-BOTTOM):
51. OPERATOR'S NAME:
52. LICENSE NO.:
53. OPERATOR'S ADDRESS:
54. OWNER'S NAME:
55. OWNER'S ADDRESS:

CAN PROPERTY BE IDENTIFIED — D: [X] YES [ ] NO

## PROPERTY

| 57. TYPE OF PROPERTY | 58. SERIAL OR I-DENTI-GUARD NO. | 59. BRAND NAME-DESCRIPTION | 60. MODEL | 61. VALUE | 62. UCR | 63. RECOV |
|---|---|---|---|---|---|---|
| 1 Brick Heroin | 50 Bags | | | | | |
| 3 Bundles Heroin | 25 Bags | | | | | |
| | Total - 75 Bags | | | | | |

IS THERE A SIGNIFICANT M.O. — E: [X] YES [ ] NO

65. TYPE OF WEAPON-TOOL: N/A
66. NEIGHBORHOOD: Ros/Rus
67. TYPE OF BUILDING: N/A
68. PLACE OF ENTRY: N/A
69. WEATHER: Clear
70. LIGHTING: Nat.
71. TRANSPORTATION OF SUSPECT (CAR, FOOT, MBTA, ETC.): Foot
72. VICTIM'S ACTIVITY: —
73. UNUSUAL ACTIONS AND STATEMENTS OF PERPETRATOR: "See Narrative"
RELATIONSHIP TO VICTIM:

IS THERE ANY PHYSICAL EVIDENCE (DESCRIPTION AND DISPOSITION IN NARRATIVE) — F: [X] YES [ ] NO

IS THERE ANY OTHER REASON FOR FURTHER INVESTIGATION (REASON BELOW) — G: [X] YES [ ] NO

76. NARRATIVE AND ADDITIONAL INFORMATION

Suspect #2 - Sean Pinkbrook - 23 June St. Rosl., W/M, male, 25 yrs D.O.B. 9/30/72, 5'8", 170 lbs, Blond Hair, Brn eyes, White Tee, Blue Shorts.

Suspect #3 - B/H, male, 5'9", 180 lbs, Brn hair + eyes, Grey Plaid Shirt, Grey Pants.

OS at about 2:00 PM, officers of the E-5 DCU were conducting a surveillance of the upper level of the Forest Hills (T) station when they observed suspects #1 + #2 exit

SOLVABILITY FACTOR

UNIT ASSIGNED: 887
78. TOUR OF DUTY: 3
79. REPORTING OFFICER'S SIGNATURE: Leo J. Rowan
80. REPORTING OFFICER'S ID: 8638
81. PARTNER'S ID: —
F.I.: [ ] YES [ ] NO

DATE OF REPORT: 5-22-98
83. SPECIAL UNITS NOTIFIED (REPORTING):
TELETYPE NO.:

| 1. District | 2. Complaint No. | BOSTON POLICE DEPARTMENT CONTINUATION SHEET | Page | of |
|---|---|---|---|---|
| E-5 | 80254104 | | 2 | 2 |

| 3. Report Date | 4. Nature of Incident | Remarks: |
|---|---|---|
| 5-22-98 | Poss. Cl. "A" w/int | THE BUS TERMINAL STANDING ON THE |

IN BOUND SIDE OF WASH. ST. (ABOVE LOCATION HAS BEEN THE SCENE OF NUMEROUS DRUG ARRESTS IN THE PAST).

THE OFFICERS SURVEILLED THE SUSPECTS FOR APPROX. 30 MINUTES DURING WHICH TIME SUSPECT #1 PASSED AN UNKNOWN AMOUNT OF USC TO SUSPECT #2. SUSPECTS WERE ALSO PACING BACK AND FORTH LOOKING IN TO M/V'S AS THEY PASSED BY, APPEARING ANXIOUS.

AT APPROX. 2:30 PM. OFFICERS OBSERVED SUSPECT #3 APPROACH SUSPECTS #1 + #2 ON FOOT AFTER WHICH ALL 3 PARTIES RE-ENTERED THE FOREST HILLS Ⓣ STATION, DESCENDING THE STAIRS, EXITING ON THE LOWER LEVEL WHERE THEY WALKED TO HYDE PARK AVE. AND TOWER STS.

OFFICERS OBSERVED ALL 3 SUSPECTS PART AT THIS TIME WITH SUSPECT #1 RE-ENTERING THE Ⓣ STATION, SUSPECT #2 REMAINING ON HYDE PK. AVE. AND SUSPECT #3 CROSSING HYDE PK. AVE TOWARDS A PARKING LOT.

THE OFFICERS STOPPED SUSPECT #2 AND RECOVERED FROM HIM DURING A PAT DOWN FRISK WAS 1 "BRICK" OF SUSPECTED HEROIN. SAID "BRICK" CONTAINED 5 BUNDLES OF 10 WRAPPED IN ELASTIC. ABOVE HEROIN WAS SEIZED AND HELD AS EVIDENCE. (TOTAL 50 BAGS)

THE OFFICERS STOPPED SUSPECT #1 ON THE UPPER LEVEL OF THE Ⓣ STATION AND RECOVERED FROM HIS LEFT FRONT PANTS POCKET WAS 3 BUNDLES OF SUSPECTED HEROIN WRAPPED IN ELASTIC (TWO BUNDLES OF 10 BAGS ONE BUNDLE OF 5 BAGS - TOTAL 25 BAGS) ABOVE HEROIN WAS SEIZED AND HELD AS EVIDENCE.

SUSPECTS WERE PLACED UNDER ARREST AND TRANSPORTED TO E-5. DRUGS LOGGED IN BOOK #14 PG. #1.

STATEMENTS MADE BY SUSPECT #2.

| CRIMINAL COMPLAINT | DOCKET NUMBER 9906CR003099 | Page 1 of 1 | Trial Court Of Massachusetts District Court Department |
|---|---|---|---|

| DEFENDANT NAME | | | | COURT NAME & ADDRESS |
|---|---|---|---|---|
| PHILBROOK, SEAN | | | | West Roxbury District Court<br>445 Arborway<br>Jamaica Plain, MA 02130-3688 |
| DEFENDANT DOB: 09/30/1972 | DATE COMPLAINT ISSUED: 08/19/1999 | DATE OF OFFENSE: 08/18/1999 | NO. OF COUNTS: 3 | |
| OFFENSE LOCATION: ROSLINDALE | POLICE DEPARTMENT OF OFFENSE: BOSTON PD AREA E-5 | | | |

| | POLICE INCIDENT NUMBER | NEXT EVENT | NEXT EVENT DATE & TIME |
|---|---|---|---|
| | 90445227 | ARRAIGNMENT | 8/19/1999 9:00 AM |

The undersigned complainant, on behalf of the Commonwealth, on oath complains that on the date(s) indicated below the defendant committed the offense(s) listed below and on any attached pages.

| COUNT | CODE | OFFENSE DESCRIPTION |
|---|---|---|
| 1 | 94C/32/C | **DRUG, POSSESS TO DISTRIB CLASS A c94C §32** |

on 08/18/1999, not being authorized by law, did knowingly or intentionally possess with intent to manufacture, distribute or dispense a controlled substance in Class A of G.L. c.94C, §31, to wit: HEROIN, in violation of G.L. c.94C, §32(a). (PENALTY: state prison for not more than 10 years; or jail or house of correction for not more than 2½ years; or not less than $1000, not more than $10,000; or both; G.L. c.280, §6B: plus Drug Analysis Fee of not less than $150, not more than $500, with maximum fee of $500 for multiple offenses from single incident. District Court has final jurisdiction under G.L. c.218, §26.)

| COUNT | CODE | OFFENSE DESCRIPTION |
|---|---|---|
| 2 | 94C/32J | **DRUG VIOLATION NEAR SCHOOL/PARK c94C §32J** |

on 08/18/1999 did, as charged in the accompanying count(s), violate the provisions of G.L. c.94C, §§ 32, 32A, 32B, 32C, 32D, 32E, 32F or 32I while in or on, or within 1000 feet of the real property comprising an elementary, vocational or secondary school, or within 100 feet of a public park or playground, in violation of G.L. c.94C, §32J. (ADDITIONAL PENALTY FROM AND AFTER SENTENCE FOR VIOLATION OF §§ 32, 32A, 32B, 32C, 32D, 32E, 32F or 32I: state prison not less than 2½ years, not more than 15 years; or jail or house of correction not less than a mandatory minimum of 2 years, not more than 2½ years; and optional fine not less than $1000, not more than $10,000. §32H: may not be filed or continued without a finding; no reduction or suspension of sentence until 2 years served. District Court has final jurisdiction under G.L. c.218, §26.)

| COUNT | CODE | OFFENSE DESCRIPTION |
|---|---|---|
| 3 | 266/16/A | **B&E NIGHTTIME FOR FELONY c266 §16** |

on 08/18/1999 did in the night time break and enter a building, ship, vessel or vehicle, the property of COMMONWEALTH OF MASSACHUSETTS, with intent to commit a felony therein, in violation of G.L. c.266, §16. (PENALTY: state prison not more than 20 years; or jail or house of correction not more than 2½ years. District Court has final jurisdiction under G.L. c.218, §26.)

| SIGNATURE OF COMPLAINANT | SWORN TO BEFORE CLERK-MAGISTRATE/ASST.CLERK/DEP.ASST.CLERK | DATE |
|---|---|---|
| X [signature] | X [signature] | 8-19-99 |
| NAME OF COMPLAINANT | CLERK-MAGISTRATE/ASST.CLERK | DATE |
| RONAN, PO | X | |

Date/Time Printed: 08/19/1999 09:35 AM

Form No.

# INCIDENT REPORT

ORIGINAL ☒ SUPPLEMENTARY ☐

| Field | Entry |
|---|---|
| 01. KEY SITUATIONS | ☒ DRUGS ☐ LICENSED PREMISES ☐ ELDERLY ☐ JUVENILE ☐ COMMUNITY DISORDERS ☐ DOMESTIC ☐ OTHER |
| 02. COMPLAINT NO. | 90445227 |
| 03. REPORT DIST. | E5 |
| CLEARANCE DIST. | 28 |
| PAGE | 1 OF 2 |
| 04. TYPE OF INCIDENT | Poss. "A" w/Int. Dist. |
| 05. CRIME CODE | |
| 06. STATUS | ☐ INACTIVE ☐ UNFOUNDED ☒ ARREST ☐ UNDER 15 ☐ EXCEPT CL ☐ UNDER 18 |
| 07. DATE OF OCCUR. | A. 8-18-99 B. |
| 08. LOCATION OF INCIDENT | Wash @ Beech Sts. Rosl |
| APT. | |
| 09. DISPATCH TIME | O/S |
| 10. TIME OF OCCUR. | A. 8:45 PM B. |
| 11. VICTIM-COMP. (LAST, FIRST, MI) | Comm of Mass |
| 12. PHONE | |
| 13. SEX | ☐ M ☐ F |
| 14. RACE | |
| 15. MARITAL STATUS | ☐ MARRIED ☐ UNMARRIED |
| 16. ADDRESS | N/A |
| OCCUPATION | |
| 17. AGE | |
| 18. D.O.B. | |
| 19. PERSON REPORTING (IF DIFFERENT THAN ABOVE) | PO Leo Boran |
| 20. ADDRESS | E5 DCU |
| APT. | |
| 21. PHONE | |

A. (☒ YES ☐ NO)

| PERSON INTERVIEWED | AGE | LOCATION OF INTERVIEW | APT. NO. | HOME ADDRESS | APT. | TEL. |
|---|---|---|---|---|---|---|
| Det. R. Cesan | | PO Jack Gotfrid | | | | |
| PO J. Freeman | | PO Calabro (K-9) | | | | |
| PO J. Foley | | | | | | |

B. CAN SUSPECT BE IDENTIFIED AT THIS TIME (☒ YES ☐ NO)

| Field | Entry |
|---|---|
| 24. | ☒ ARREST ☐ WARRANT ☐ MISSING ☐ SUMMONS ☐ SUSPECT |
| 25. NAME (LAST, FIRST, MI) | Philbrook, Scott D. |
| 26. S.S. NO. | 011607730 |
| 27. BOOKING NO. | 9943745 |
| 28. PHOTO NO. | — |
| 29. ALIAS | unk |
| 30. WARRANT NO. | — |
| 31. ADDRESS | 29 Vershire St. #2 Rosl |
| 32. SEX | ☒ M ☐ F |
| 33. RACE | W/M |
| 34. AGE | 26 |
| 35. HEIGHT | 5-8 |
| 36. D.O.B. | 9-30-72 |
| 37. SPECIAL CHARACTERISTICS (INCLUDING CLOTHING) | Blue Jean Shorts, Blue T-Shirt |
| 38. WEIGHT | 170 |
| 39. BUILD | Med |
| 40. HAIR | Blnd |
| 41. EYES | Brn |

C. (☐ YES ☒ NO)

| Field | Entry |
|---|---|
| 43. | ☐ STOLEN ☐ RECOV. ☐ LV. SCENE ☐ ABAND. ☐ ☐ TOWED ☐ USED ☐ OTHER |
| 44. REG. STATE NO. | |
| 45. PLATE TYPE | |
| YEAR (EXP.) | |
| 46. MODEL | |
| 47. VEHICLE MAKE-YEAR | |
| 48. VEHICLE NO. | |
| 49. STYLE | |
| 50. COLOR (TOP-BOTTOM) | |
| 51. OPERATOR'S NAME | |
| 52. LICENSE NO. | |
| 53. OPERATOR'S ADDRESS | |
| 54. OWNER'S NAME | |
| 55. OWNER'S ADDRESS | |

D. (☒ YES ☐ NO)

| 57. TYPE OF PROPERTY | 58. SERIAL OR I-DENT-GUARD NO. | 59. BRAND NAME-DESCRIPTION | 60. MODEL | 61. VALUE | 62. UCR | 63. RECOV. |
|---|---|---|---|---|---|---|
| 25 Gls Heroin | | | | | | |
| | | | | | | |

E. (☒ YES ☐ NO)

| Field | Entry |
|---|---|
| 65. TYPE OF WEAPON-TOOL | N/A |
| 66. NEIGHBORHOOD | Res/Bus |
| 67. TYPE OF BUILDING | 2 Family |
| 68. PLACE OF ENTRY | Rear Door |
| 69. WEATHER | Clear |
| 70. LIGHTING | Art. |
| 71. TRANSPORTATION OF SUSPECT (CAR, FOOT, MBTA, ETC.) | Foot |
| 72. VICTIM'S ACTIVITY | |
| 73. UNUSUAL ACTIONS AND STATEMENTS OF PERPETRATOR | — |
| RELATIONSHIP TO VICTIM | — |

F. (☒ YES ☐ NO)

G. (☐ YES ☒ NO)

76. NARRATIVE AND ADDITIONAL INFORMATION

O/S at about 8:45 PM. Pos of the E5 DCU were patrolling the Rosl area when at Wash + Beech Sts. they observed above suspect (a known heroin user) acting in a suspicious manner. The officers approached the suspect to conduct a threshold inquiry when the suspect upon seeing the officers fled on foot running behind a laundry mat jumping down from a 2nd wall to the rear of 311 Beech St. out of view of the officers. A search of the area ensued within at the rear of

| Field | Entry |
|---|---|
| 77. UNIT ASSIGNED | V887 |
| 78. TOUR OF DUTY | 3 |
| 79. REPORTING OFFICER'S SIGNATURE | Leo J. Boran |
| 80. REPORTING OFFICER'S ID | 8238 |
| 81. PARTNER'S ID | 10289 |
| FI | ☐ YES ☐ NO |
| 82. DATE OF REPORT | 8-18-99 |
| 83. SPECIAL UNITS NOTIFIED/REPORTING | |
| TELETYPE NO. | |
| 84. TIME COMPLETED | ☐ A ☐ P |
| 85. SIGNATURE OF PATROL SUPERVISOR | |
| 86. PAT. SUP. ID | |
| 87. SIGNATURE DUTY SUPERVISOR | |
| 88. DUTY SUP. ID | |

BPD Form 1.1 Revised 86

HEADQUARTER'S COPY

| 1. District | 2. Complaint No. | BOSTON POLICE DEPARTMENT CONTINUATION SHEET | Page | of |
|---|---|---|---|---|
| E5 | 90445227 | | 2 | 2 |

| 3. Report Date | 4. Nature of Incident | Remarks |
|---|---|---|
| 8-18-99 | Poss. W intent | S/2 3/0 329 Beech St. The K-9 Unit |

T525 P.O Calabro + P.O J. Griffin located the suspect in an enclosed storage area at the rear of the dwelling. [illegible] suspect had forced his way through a door and was attempting to conceal himself.
The suspect was placed under arrest and transported [illegible]. Located at the bottom of the 2nd wall the suspect [illegible] from was 25 G/R'S of suspected heroin. Said heroin was seized and held as evidence.
Suspect also has 2 outstanding warrants:
① #CR9410771 - for armed robbery/firearm issued out of Suffolk Sup. Ct.
② #9902CR4224 - for Poss 'B' issued out of Rox. Ct.
Drugs logged in Book # 15 pg. 113.
Above incident took place within 1000 ft of the Phineas Bates Elementary School.